1  JOHN V. JOHNSON
   341 Flume Street, Suite C
2  Chico, California 95928
   Telephone: (530) 893-0696
3  State Bar #103137

4  Attorney for Plaintiff

5

6              IN THE UNITED STATES DISTRICT COURT

7              FOR THE EASTERN DISTRICT OF CALIFORNIA

8

9  TRENT THOMAS SMITH,                )
                                      )
10         Plaintiff,                 )   CIV. NO. 2:10-CV-01979-GGH
                                      )
11     v.                             )   STIPULATION FOR ATTORNEY
                                      )   FEES UNDER THE EQUAL
12 MICHAEL J. ASTRUE,                 )   EQUAL ACCESS TO JUSTICE ACT
   Commissioner of the                )
13 Social Security Administration,    )
                                      )
14         Defendant.                 )
                                      )
15                                    )
                                      )
16 _____)

17       IT IS HEREBY STIPULATED by and between the parties through their

18 undersigned counsel, subject to the approval of the Court, that Plaintiff be

19 awarded attorney fees under the Equal Access to Justice Act (EAJA), 28 U.S.C.

20 Section 2412(d), in the amount of FIVE THOUSAND TWO HUNDRED dollars

21 ($5,200). This amount represents compensation for all legal services rendered on

22 behalf of Plaintiff by counsel in connection with his civil action, in accordance

23 with 28 U.S.C. Section 2412(d).

24       After the Court issues an order for EAJA fees to Plaintiff, the government

25 will consider the matter of Plaintiff's assignment of EAJA fees to Plaintiff's

26 attorney. Pursuant to Astrue v. Ratliff, - S.Ct. -, 2010 WL 2346547 (U.S. June 14,

27 2010), the ability to honor this agreement will depend on whether the fees are

28 subject to any offset allowed under the United States Department of Treasury's

                                      1

1  Offset Program. After the order for EAJA fees is entered, the government will
2  determine whether they are subject to any offset.
3      Fees shall be made payable to Plaintiff, but if the Department of Treasury
4  determines that Plaintiff does not owe a federal debt, then the government shall
5  cause the payment of fees to be made directly to Plaintiff's attorney, John V.
6  Johnson, pursuant to the assignment executed by Plaintiff. Any payments shall be
7  delivered to Plaintiff's counsel.
8      This stipulation constitutes a compromise settlement of Plaintiff's request
9  for EAJA attorney fees and costs, and does not constitute an admission of liability
10 on the part of Defendant under the EAJA. Payment of the agreed amount shall
11 constitute a complete release from, and bar to, any and all claims that Plaintiff
12 and/or Plaintiff's counsel may have relating to EAJA attorney fees in connection
13 with this action.
14     This award is without prejudice to the right of Plaintiff's counsel to seek
15 Social Security Act attorney fees under 42 U.S.C. section 406, subject to the
16 provisions of the EAJA.

17 DATED: February 9, 2011                       Respectfully Submitted,

19                                         / s /   John V. Johnson
20                                         Attorney for Plaintiff

22                                         / s / Francesco Benavides
23                                         Attorney for Defendant

24 It is SO ORDERED.
25 March 1, 2011

                                        GREGORY G. HOLLOWS
                                        U.S. magistrate Judge